## In re CERNY.
### Patent Appeal No. 2988.

Court of Customs and Patent Appeals.
May 23, 1932.

M. E. Jones, of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

All of appellants' claims (4 to 8 inclusive) for a patent for a corn sheller were rejected by the Examiner, which rejection was affirmed by the Board of Appeals. Appeal to this court is taken from the decision of the board.

Claim 5 is regarded as illustrative and reads: "5. A machine of the character set forth, comprising a wheel supported chassis, an engine carried by the chassis, a propeller shaft including a section connected to the engine, and a section connected to certain of the wheels, a clutch connecting the shaft sections, clutch operating means, a pulley carried by said first shaft section, a corn sheller mounted on the chassis and including a main shaft provided with a pulley, a belt passing about the pulleys, and a belt tightener."

The references relied on are: Cook, 827,-851, August 7, 1906; Tschantz, 1,155,173, September 28, 1915.

The application relates to a corn sheller having a wheel-supported chassis carrying an engine and cross members which support a propeller shaft connected with the engine and with a section connected to certain of the wheels of the vehicle. The combination contains a clutch member connected with the shaft sections which is operated by a lever to connect or disconnect the shaft sections. On the chassis is a corn sheller containing a main shaft and an impeller shaft, and provided with pulleys, a belt, and a belt tightener.

The Board of Appeals rejected the claims on the ground that it was old to combine a motortruck with a corn husker or a thresher as was shown in the two above references, and that it was not inventive to substitute a corn sheller for a corn husker or thresher, and that the use of a belt, pulley, and belt tightener was without invention over the prior use of a sprocket chain drive. The Board further concluded that it was not inventive to provide universal joints in the drive shaft.

The applicants urge here that their alleged invention rests in their particular combination, parts of which they claim are new, that is to say, no one machine has ever been constructed making use of the same units or installations, and that their particular combination has resulted in a corn sheller which can be operated by one man, is speedy on the road, and easy to move backwards and forwards.

The solicitor for the Patent Office cites Tom Huston Mfg. Co. et al. v. Clyde Iron Works Sales Co., 32 F.(2d) 558, 559, where the Circuit Court of Appeals, Sixth Circuit, discussed the validity of combination claims in a patent and said: " * * * Their validity is urged upon us upon the ground that there is invention in combining the motor power of a tractor with a log and stump pulling mechanism. We do not think so."

We agree with the conclusion reached by the Board of Appeals that there is no invention shown in appellants' application over the prior art.

Appellants urge here at considerable length that each of the claims calls for a propeller shaft and cite the definition of a propeller shaft in Dykes' Automobile and

Gasoline Engine Encyclopedia, page 1077, of the Sixteenth Edition, published in 1931 by Goodheart-Willcox Company, Chicago, Ill., which definition is as follows: "The drive shaft from the transmission to the rear axle." They contend that the prior art cited has no such drive shaft nor its equivalent, and that therefore their claims are not anticipated by the prior art.

The shafts which carry the power from the engine and act to propel the vehicles in the prior art, we think, under the ordinary acceptance of the meaning of the term, may be properly regarded as propeller shafts. The mere fact that appellants' propeller shaft is somewhat differently constructed than those of the references makes no difference, under the circumstances of this case.

We agree with the conclusion reached by the Board of Appeals and the reasons assigned therefor, and its decision is affirmed.

Affirmed.